[1] Reported in 239 N.W. 602.
Respondent filed a claim in the probate court for services rendered appellant's intestate. From the decision of the probate court there was an appeal to the district court, where, upon issues framed, the trial resulted in a verdict and judgment in favor of respondent for the full amount of the claim, viz. $1,338 and costs. The administrator appeals.
The assignments of error relate principally to the reception of evidence as to the value of the services — housework — rendered for deceased. The witnesses permitted to testify to value were housewives used to such work or experienced in employing such services. Whether a witness has qualified to give an opinion is largely for the trial court's discretion or judgment. A requested instruction was given, but followed by what the court deemed another phrasing of the same instruction. In our opinion there was no appreciable difference in the meaning of the two.
The bill of particulars contained two items, viz. (a) for domestic services rendered between June 22, 1923, and October 22, 1926, except the last *Page 649 
four months of 1924; and (b) for the same sort of services from November 1, 1926, to June 1, 1929. An examination of the evidence convinces us that as to the first period the proof fails, but that as to the second the proof is ample that when those services' were rendered both parties intended that compensation was to be made therefor. But the difficulty here is that no assignment of error reaches the matter. The motion for a new trial challenged the verdict as excessive, "appearing to have been given under the influence of passion or prejudice"; but when specifying wherein the evidence failed to sustain the verdict both periods were treated alike. No claim was made that there was a distinction between a right of recovery under the evidence for part of the services under the first period and those of second period. Although there is no evidence justifying the judgment in the amount rendered, the theory of the trial and the errors here assigned and argued, both orally and in the brief, do not warrant us in reversing or disturbing it.
The judgment is affirmed.